1  CALVIN E. DAVIS  (SBN:  101640)
   AARON P. RUDIN  (SBN:  223004)
2  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
3  Los Angeles, CA  90071
   Telephone:  (213) 576-5000
4  Facsimile:  (213) 680-4470
   E-mail: cdavis@gordonrees.com;
5  arudin@gordonrees.com

6  Attorneys for Plaintiff
   COLDWELL BANKER REAL ESTATE LLC
7

8              UNITED STATE DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 COLDWELL BANKER REAL ESTATE )    CASE NO.
   LLC, a California limited liability  )
12 company,                         )    **COMPLAINT FOR:**
                                    )
13              Plaintiff,           )    **(1)    TRADEMARK**
                                    )            **INFRINGEMENT;**
14     vs.                          )    **(2)    FEDERAL TRADEMARK**
                                    )            **COUNTERFEITING**
15 NEW ALLIANCE PROPERTIES, INC.,  )    **(3)    COMMON LAW,**
   a California Corporation; ELIAZAR )            **TRADEMARK**
16 FELIX, an individual,            )            **INFRINGEMENT;**
                                    )    **(4)    FEDERAL UNFAIR**
17              Defendants.          )            **COMPETITION, LANHAM**
                                    )            **ACT, 15 U.S.C. § 1125;**
18                                  )    **(5)    CAL. STATUTORY**
                                    )            **TRADEMARK**
19                                  )            **INFRINGEMENT**
                                    )    **(6)    UNFAIR COMPETITION,**
20                                  )    **(7)    BREACH OF CONTRACT;**
                                    )    **(8)    BREACH OF PROMISSORY**
21                                  )            **NOTE;**
                                    )    **(9)    BREACH OF GUARANTY;**
22                                  )    **(10)   BREACH OF SECURITY**
                                    )            **AGREEMENT;**
23                                  )    **(11)   RECOVERY OF PERSONAL**
                                    )            **PROPERTY;**
24                                  )    **(12)   ACCOUNT STATED;**
                                    )    **(13)   MONEY LENT;**
25                                  )    **(14)   QUANTUM MERUIT; and**
                                    )    **(15)   ACCOUNTING**
26 ───────────────────────────)

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Plaintiff Coldwell Banker Real Estate LLC, a California Limited Liability Company (hereinafter referred to as "Plaintiff" or "Coldwell Banker"), for its causes of action against Defendants New Alliance Properties, Inc., a California corporation, formerly doing business as Coldwell Banker VIP (hereinafter referred to as "VIP") and Eliazar Felix, an individual (hereinafter referred to as "Felix"), (VIP and Felix are collectively referred to hereinafter as "Defendants"), alleges as follows:

## I.   JURISDICTION AND VENUE

1.    This action arises under the trademark laws of the United States, specifically 15 U.S.C. § 1051 et seq., and under state law governing unfair competition and trademark and common law claims for breach of contract and accounting.

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. section 1391 because the individual defendant resides in this judicial district, and the corporation defendant is incorporated in the State of California with its principal place of business in this judicial district.

## II.   THE PARTIES

4.    Plaintiff is a California limited liability company with its principal place of business in the State of California, and at all relevant times herein, was duly authorized to conduct business in the State of California.

5.    Defendant New Alliance Realty, Inc. is a California corporation, formerly doing business as Coldwell Banker VIP, at a location within the venue of this Court.

6.    Defendant Eliazar Felix is an individual who, on information and belief, resides in the County of Los Angeles, State of California.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

7.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein Defendants were each acting as an agent, servant or representative of each of said other Defendants, or were at all times mentioned herein acting within the course and scope of such agency, servitude or representation, and that all acts of said Defendants, and each of them, were authorized, directed and ratified by each of the remaining Defendants.

## III.  THE COLDWELL BANKER® MARKS

8.     Plaintiff is one of the world's leading franchisors of real estate brokerages.  To promote brand awareness and to ensure consistency among its member offices, Plaintiff has developed an expansive franchise system that provides its member offices with the marketing tools, resources, and know-how to operate an effective full-service real estate office ("COLDWELL BANKER® System").

9.     Plaintiff utilizes and relies on a family of trade and service marks which are registered on the Principal Register of the United States Patent and Trademark Office and which provide brand identity for the COLDWELL BANKER® System, including, but not limited to, United States Registered Trademark No. 1,154,155 (typed work mark - COLDWELL BANKER® - for real estate brokerage services registered May 12, 1981); No. 1,215,241 (design mark – COLDWELL BANKER CB® - for real estate brokerage services registered November 2, 1982) and depicted as follows:



10.     No. 2,057,608 (typed word mark – COLDWELL BANKER® - for real estate brokerage franchising services, registered April 29, 1997) and No. 2,059,501 (design mark – COLDWELL BANKER CB® - for real estate brokerage

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

franchising services, registered May 6, 1997) which is depicted as follows:



(hereinafter collectively referred to as the "COLDWELL BANKER® Marks").

11.    Plaintiff is the owner of the federally registered COLDWELL BANKER® Marks.

12.    Plaintiff has used the COLDWELL BANKER® Marks to identify its goods, services, and brand.  In this connection, Plaintiff uses the COLDWELL BANKER® Marks on goods, and in, among other things, advertisements, learning manuals, newsletters, global computer networks, radio programs, learning services, awards, computer software, management and leasing services, real estate consulting services, referral services, lending institutions, relocations services, and the like.  Coldwell Banker has invested much time, effort and a substantial amount of money in advertising and promoting the goods and services offered under the COLDWELL BANKER® Marks and COLDWELL BANKER® brand such that the COLDWELL BANKER® Marks have become famous.

13.    Plaintiff's goods and services have been, and continue to be, extensively advertised and used throughout the United States and worldwide.  By virtue of advertising and sales, together with consumer acceptance and recognition, the COLDWELL BANKER® Marks identify the goods and services of Plaintiff and its authorized licensees only and distinguishes them from goods and services offered by others.  The COLDWELL BANKERA® Marks thus have become, and continue to be, a valuable asset symbolizing Plaintiff, its quality and superior services, and its goodwill.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## IV.    FRANCHISE AGREEMENT

14.    Defendant Felix entered into a Coldwell Banker Real Estate Franchise Agreement with Plaintiff that contained an opening date of September 25, 2014, which Franchise Agreement was assigned and assumed by Defendant VIP as of December 8, 2015 ("Franchise Agreement").  A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 1, and incorporated herein by this reference.

15.    Pursuant to the Franchise Agreement, VIP became a franchisee of Plaintiff as a real estate brokerage business.  The location of this franchise was 6730 Florence Ave, Bell Gardens, CA  90201.  Pursuant to the terms of the Franchise Agreement, Plaintiff agreed, among other things, to grant a non-exclusive license to Defendants to utilize the COLDWELL BANKER® Marks and the COLDWELL BANKER® System.  In return, Defendants agreed, among other things, (1) to pay to Plaintiff six percent (6%) of all of the gross revenues under Section 7.1.1 of the Franchise Agreement ("royalty fees") and (2) to pay 2.5% of its gross revenues up to $2 million and half a percent (.5%) for gross revenues above $2 million for a Brand Marketing Fund ("BMF") for advertising fees under Section 8.1 of the Franchise Agreement, with a minimum monthly BMF fee as specified in the Franchise Agreement.  In addition, VIP was required to report on closed transactions each month.

16.    Section 22.11 of the Franchise Agreement also contains an attorneys' fees provision permitting recovery of attorneys' fees should Plaintiff be the prevailing party in a legal proceeding to enforce its rights under the Franchise Agreement.

17.    The Franchise Agreement also allows for recovery of liquidated damages in the event that it is terminated prior to the expiration of its term

18.    In order to secure VIP's prompt payment and performance of its obligations under the Franchise Agreement, Felix agreed to and did execute a

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1  Guaranty of Payment and Performance (hereinafter the "Guaranty").  A true and

2  correct copy of that Guaranty is attached hereto as Exhibit 2, and incorporated

3  herein by this reference.

4          19.     Pursuant to the terms of the Franchise Agreement, Defendants further

5  agreed, among other things, that any unauthorized use of the COLDWELL

6  BANKER® Marks constituted a breach of the Franchise Agreement and an

7  infringement of COLDWELL BANKER's rights in and to the COLDWELL

8  BANKER® Marks.

9          20.     Pursuant to the terms of the Franchise Agreement, Defendants further

10 agreed, among other things, that upon termination of the Franchise Agreement,

11 Defendants would immediately and permanently discontinue use of all

12 COLDWELL BANKER® Marks, immediately and permanently discontinue all

13 advertising using the COLDWELL BANKER® Marks, immediately refrain from

14 representing that they are or ever were affiliated with Plaintiff, take affirmative

15 action to remove any use of the COLDWELL BANKER® Marks in connection

16 with their business, advise all current clients they are no longer associated with

17 Plaintiff, immediately cause the telephone company and business phone publisher

18 (i.e., Yellow Pages) to remove their listings as Plaintiff's franchisee, and

19 immediately cause any web masters or website to remove the COLDWELL

20 BANKER® Marks from their webpages, as well as to cease using any URL that

21 contains the COLDEWLL BANKER® Marks.

22 **V.      THE PROMISSORY NOTE**

23         21.     In addition, on or about November 19, 2015, Defendants entered into

24 two Promissory Notes ("Notes") whereby Defendants agreed to repay Plaintiff the

25 principal sum of $86,147.83, for fees then due and owing, pursuant to the terms of

26 the Notes.

27         22.     The Notes provide that Plaintiff may determine that Defendants are in

28 default and may accelerate the unpaid principal and all interest accrued thereon to

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

become immediately due and payable, without presentment for payment or any notice or demand if, among other things, A) Defendants fail to pay any principal amount due under the Notes; B) there is a default, in Plaintiff's sole opinion, by Defendants of any other agreement or note between Plaintiff and Defendants, or any of Plaintiff's related companies, including, but not limited to, the Franchise Agreement; or C) there is a termination or expiration of the Franchise Agreement.

23.     In the event Defendants fail to make a payment when due on the Notes, including any payment due upon acceleration of the Notes, the entire outstanding principal shall thereafter bear simple interest at a rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law from its due date until paid in full.

24.     The Notes contain attorneys' fees provisions permitting Plaintiff to recover attorneys' fees expended in, inter alia, enforcing its rights under the Notes including, but not limited to, through litigation.

**VI.     SECURITY AGREEMENT**

25.     As security for the Franchise Agreement and the Notes, VIP entered into a Security Agreement, in which it pledged as collateral, among other things, all of the furniture, furnishings, equipment, real estate listings, and related rights, including the proceeds and products therefrom, related to their real estate brokerage business ("Security Agreement").  A true and correct copy of the Security Agreement is attached hereto as Exhibit 3, and incorporated herein by this reference.

26.     The Security Agreement provides that VIP shall be in default upon the occurrence of, among other things, A) VIP's failure to pay any amount when due under the terms and provisions of any promissory note; or B) VIP's breach of any term provision, warranty or representation set forth in the Security Agreement, the Franchise Agreement or in any other agreement between VIP and Plaintiff.

27.     In the event of a default of the Security Agreement by VIP, Plaintiff shall be entitled to, among other things: A) declare all obligations secured by the Security Agreement immediately due and payable; B) enforce its security interest given and exercise its rights as a secured creditor under the laws of the state in which Plaintiff's offices are located; C) require Plaintiff to assemble the collateral and make it available to Plaintiff; and/or D) enter any offices of Plaintiff and take possession of the collateral and of the records pertaining to the collateral.

28.     The Security Agreement contains an attorney's fees provision permitting the prevailing party in any litigation with respect to the Security Agreement to recover its reasonable attorneys' fees and court costs.

## VII.   BREACH OF FRANCHISE AGREEMENT AND UNAUTHORIZED USE OF THE COLDWELL BANKER® MARKS

29.     After Defendants entered into the Franchise Agreement and operated as a franchisee of Plaintiff, the Defendants failed to pay amounts owing under the Franchise Agreement, Guaranty and Notes.  Plaintiff properly notified Defendants of these defaults in writing and provided the appropriate opportunity to cure required under the Franchise Agreement.  Defendants have failed and refused, and continue to fail and refuse, to cure these defaults

30.     Accordingly, Plaintiff exercised its right to terminate the Franchise Agreement effective January 3, 2017.

31.     As of the date of the filing of this complaint, Defendants owe Plaintiff not less than $645,743.82 for billed and unpaid obligations under the Franchise Agreement.  On information and belief, additional amounts may be found due and owing Plaintiff after an accounting of closed transactions on which Defendants failed to report.

32.     As of the date of filing this amended complaint, Defendants owe Plaintiff at least $70,673.53 for billed and unpaid obligations under the Note.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

33.     In letters dated December 28, 2016 and January 31, 2017, Plaintiff reminded Defendants of their post-termination obligations, including their obligation to discontinue all use of the COLDWELL BANKER® Marks.

34.     Plaintiff is informed and believes, and upon such information and belief allege, that notwithstanding their post-termination obligations, and the fact that Defendants, and all of them, no longer have any right to use the COLDWELL BANKER® Marks in any manner, Defendants and each of them have continued to use those Marks in, among other uses, on external and internal signage, on business cards, in advertising and on numerous internet web pages.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Against All Defendants)

35.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

36.     Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks, without the consent of Plaintiff, constitutes infringement of the registered COLDWELL BANKER® Marks and has caused and continues to cause a likelihood of confusion, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.     By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.  Unless the acts of trademark infringement are enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

38.     Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Gordon & Rees LLP
633 West Fifth Street, 52ⁿᵈ Floor
Los Angeles, CA 90071

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Counterfeiting Against All Defendants
### Pursuant To 15 U.S.C. § 1114(a)(1))

39.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

40.     Plaintiff is the exclusive owner of the COLDWELL BANKER® Marks.

41.     The COLDWELL BANKER® Marks have not been abandoned since their first use and all of the COLDWELL BANKER® Marks have been, and continue to be, in continuous use.  All of the COLDWELL BANKER® Marks have been duly registered with the USPTO and their registrations remain current.

42.     Under the Franchise Agreement, Defendants were granted a limited, non-exclusive license to use the COLDWELL BANKER® Marks in connection with their franchise, which license expired immediately upon the termination of the Franchise Agreement on January 3, 2017.

43.     Defendants were informed in writing that as of January 3, 2017, the effective date of termination, Defendants no longer had Plaintiff's permission to use the COLDWELL BANKER® Marks.  Defendants also, pursuant to the Franchise Agreement, expressly agreed to discontinue further use of the COLDWELL BANKER® Marks following the date of termination and acknowledged that such further use would constitute trademark infringement. However, despite Defendants' agreement to discontinue further use of the COLDWELL BANKER® Marks and despite Defendants' actual knowledge that their use of the COLDWELL BANKER® Marks following the date of termination was no longer authorized and constituted trademark infringement, Defendants continued, and continue, to use the COLDWELL BANKER® Marks in connection with the operations of their real estate brokerage business in violation of Plaintiff's exclusive rights.

44.     The unauthorized use of the COLDWELL BANKER® Marks by Defendants as explained above, is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of their goods and services.  The unauthorized use of the COLDWELL BANKER® Marks by the Defendants also likely creates the misconception among consumers that Plaintiff somehow ratifies, authorizes, and/or is affiliated in some manner with the business of the Defendants, when such is not the case.

45.     Because the continued use of the COLDWELL BANKER® Marks by the Defendants is likely to continue to cause confusion, mistake, and/or deception as to the source, origin, affiliation, or sponsorship of the goods and services promoted under the COLDWELL BANKER® Marks, Plaintiff lacks an adequate remedy at law.  Unless an injunction is issued enjoining the Defendants, and each of them, from any continuing or future infringing use of the COLDWELL BANKER® Marks, Plaintiff will continue to sustain irreparable damages. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining the Defendants, and each of them, from using the COLDWELL BANKER® Marks in connection with their real estate business, or in any other manner.

46.     As a direct and proximate cause of the counterfeiting conduct by the Defendants, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring the Defendants, and each of them, to account to Plaintiff for any and all profits derived by the Defendants from their unauthorized use of the COLDWELL BANKER® Marks, as detailed herein, and to an order awarding all damage sustained by Plaintiff by reason of the infringement caused by the Defendants.

47.     As evidenced by their refusal to cease further use of the COLDWELL BANKER® Marks after the date of termination, the Defendants' use of the COLDWELL BANKER® Marks following the date of termination was intentional, in conscious disregard of Plaintiff's rights, and constitutes willful and

knowing trademark counterfeiting.  Plaintiff is, therefore, entitled to an award of treble damages and/or enhanced profits from the Defendants, and each of them, or in the alternative Plaintiff is entitled to statutory damages under 15 U.S.C. § 1117(c).

48.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), such that Plaintiff is entitled to an award of attorneys' fees and costs and Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to the terms of the Franchise Agreement.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement Against All Defendants)

49.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

50.    Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks, without the consent of Plaintiff, constitutes infringement of the COLDWELL BANKER™ Marks under common law, and has caused and continues to cause a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation or connection in the minds of the public.

51.    By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.  Unless the acts of trademark infringement are enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

52.    Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## FOURTH CLAIM FOR RELIEF

### (Federal Unfair Competition, Lanham Act, 15 U.S.C. § 1125 Against All Defendants)

53.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

54.     Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks, without the consent of Plaintiff, constitutes infringement of the registered COLDWELL BANKER® Marks and has caused and continues to cause a likelihood of confusion and falsely identifies and represents Defendants with Plaintiff, and also constitutes unfair competition, in violation of the Lanham Act.

55.     By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.  Unless the acts of trademark infringement are enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

56.     Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (California Statutory Trademark Infringement, Cal. Business and Professions Code § 14340 Against All Defendants)

57.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

58.     Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks, without the consent of

Plaintiff, constitutes infringement of the registered COLDWELL BANKER®
Marks and has caused and continues to cause a likelihood of confusion, in
violation of Cal. Business & Professions Code § 14340.

59.    By reason of the foregoing, Plaintiff has been injured in an amount
not yet fully determined, but believed to be in excess of the jurisdictional limit of
this court, in an amount to proven at the time of trial.  In addition, as a result of
Defendants' acts of trademark infringement, Plaintiff has suffered and will
continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law
with respect to this injury.  Unless the acts of trademark infringement are enjoined
by this Court, Plaintiff will continue to suffer irreparable harm.

60.    Defendants actions have been knowing, intentional, wanton, and
willful, entitling Plaintiff to damages, treble damages, profits, attorney fees, and
the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Cal. Unfair Competition, Cal. Business & Professions Code § 17200 et seq. Against All Defendants)

61.    Plaintiff incorporates by reference the allegations set forth above in
paragraphs 1 through 34, as though fully set forth herein.

62.    California Business & Professions Code Section 17200 provides that
unfair competition means and includes "any unlawful, unfair or fraudulent business
act or practice and unfair, deceptive, untrue or misleading advertising."

63.    Defendants' actions in continuing to utilize, display and identify
themselves with the COLDWELL BANKER® Marks, without the consent of
Plaintiff, constitutes infringement of the registered COLDWELL BANKER®
Marks and has caused and continues to cause a likelihood of confusion in violation
of both federal, common law, and state trademark protections.

64.    By and through Defendants' conduct, Defendants have engaged in
activities that constitute unlawful, unfair, and fraudulent business practices

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    prohibited by the Cal. Business & Professions Code Section 17200, *et. seq*.

2    65.    As a result of Defendants' acts of unfair competition, Plaintiff has

3    suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate

4    remedy at law with respect to this injury.  Unless the acts of unfair competition are

5    enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

6    66.    Defendants' actions have been knowing, intentional, wanton, and

7    willful, entitling Plaintiff to damages, treble damages, punitive damages, profits,

8    attorney fees, and the costs of this action.

9    **SEVENTH CLAIM FOR RELIEF**

10   **(Breach of Contract Against All Defendants)**

11   67.    Plaintiff incorporates by reference the allegations set forth above in

12   paragraphs 1 through 34, as though fully set forth herein.

13   68.    As set forth above, Plaintiff and Defendants entered into the Franchise

14   Agreement whereby Plaintiff agreed to provide Defendants with a non-exclusive

15   license for its trademarks and marketing system and Defendants agreed to certain

16   monetary and non-monetary obligations as more fully set forth in the Franchise

17   Agreement.

18   69.    Plaintiff has performed all conditions, covenants, and promises

19   required on its part to be performed in accordance with the terms and conditions of

20   the Franchise Agreement.

21   70.    Defendants breached the Franchise Agreement by failing to timely

22   pay amounts owed under the Franchise Agreement and by failing to comply with

23   the reporting obligations under the Franchise Agreement.

24   71.    As a result of Defendants' breach of the Franchise Agreement,

25   Plaintiff has been damaged in the amount currently unknown, but in excess of the

26   jurisdictional limit of this court, with additional damages in an amount to be

27   proven at trial based on the facts alleged herein.  Plaintiff is also entitled under the

28   Franchise Agreement to interest on these sums at 18% per annum or the highest

rate allowed by law, whichever is less.

72.   Pursuant to the Franchise Agreement, or alternatively under Cal. Civil Code § 1717.5, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Promissory Note Against All Defendants)

73.   Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

74.   As set forth above, Defendants entered into the Notes whereby Defendants agreed to repay Plaintiff the principal sum of $86,147.83 for fees then due and owing.  The principal sum may be accelerated upon, among other things, Defendants' breach of the Franchise Agreement, termination of the Franchise Agreement or upon default under the Notes.

75.   Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Notes.

76.   Defendants have breached the Notes by failing to pay certain amounts due when owing under the Notes and by failing to repay the Notes in full upon acceleration.

77.   As a result of Defendants' breach of the Notes, Plaintiff has been damaged in the amount of not less than $70,673.53, representing the remaining principal balance on the Notes with additional damages in an amount to be proven at trial based on the facts alleged herein.  Plaintiff is also entitled to interest on these sums as stated in the Notes.

78.   Pursuant to the Notes, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

///

///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## NINTH CLAIM FOR RELIEF

### (Breach of Guaranty Against Felix)

79.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

80.    As set forth above, defendant Felix R entered into a Guaranty of all of VIP's obligations under the Franchise Agreement.

81.    Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Franchise Agreement and Guaranty except as excused by law.

82.    As a result of VIP's breach of the Franchise Agreement and Felix's breach of the Guaranty, Plaintiff has been damaged in the amount of not less than $716,417.35, plus interest as set forth above, with additional damages in an amount to be proven at trial based on the facts alleged herein, which Defendants are obligated to pay.

83.    Pursuant to the Franchise Agreement and Guaranty, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## TENTH CLAIM FOR RELIEF

### (Breach of Security Agreement Against Defendant VIP)

84.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

85.    As set forth above, as security for the Franchise Agreement and the Notes, Plaintiff and VIP entered into a Security Agreement in which VIP pledged as collateral, among other things, all of the furniture, furnishings, equipment, real estate listings and listing agreements and related rights, including the proceeds and products therefrom, relating to Defendants' real estate brokerage business.

86.    As a result of Defendants' breach of the Franchise Agreement and the Notes, Plaintiff now owns and is entitled to immediate possession of the collateral

1   encompassed within the Security Agreement, and VIP is unlawfully detaining the
2   collateral.

3       87.    As a proximate result of VIP's withholding of this collateral, Plaintiff
4   has suffered damages in an amount to be determined at trial.

5               **ELEVENTH CLAIM FOR RELIEF**

6         **(Recovery of Personal Property Against Defendant VIP)**

7       88.    Plaintiff incorporates by reference the allegations set forth above in
8   paragraphs 1 through 34, as though fully set forth herein.

9       89.    The collateral is being wrongfully detained by VIP.

10      90.    Plaintiff demands that VIP immediately assemble the collateral and
11  make it available to Plaintiff.  On information and belief, VIP has failed and
12  refused to return said accounts receivable proceeds and other collateral and records
13  relating thereto to Plaintiff in order to use said property for its own purposes.

14      91.    A particular description of the collateral is set forth in the Security
15  Agreement attached hereto at Exhibit 3.

16      92.    On information and belief, the collateral is located at Defendants'
17  office location.

18      93.    On information and belief, said property has not been taken for tax
19  assessment or fine pursuant to statute or seized under an execution against the
20  property of Plaintiff.

21              **TWELFTH CLAIM FOR RELIEF**

22            **(Accounting Against All Defendants)**

23      94.    Plaintiff incorporates by reference the allegations set forth above in
24  paragraphs 1 through 34, as though fully set forth herein.

25      95.    Within the past four years, at Bell Gardens, California, an account was
26  stated in writing by and between Plaintiff and Defendants wherein Defendants
27  owed Plaintiff not less than $716,417.35.

28      96.    Neither all nor any part of that sum has been paid to Plaintiff,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

although demand therefore has been made, and this entire sum is now due and owing. Interest is also owing on this sum at the rate set forth above.

97. Pursuant to the Franchise Agreement, Notes and Guaranty or, alternatively, under Civil Code section 1717.5, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## THIRTEENTH CLAIM FOR RELIEF

### (Money Lent Against All Defendants)

98. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

99. Within the last four years, Defendants became indebted to Plaintiff in the sum of $716,417.35, plus interest in an amount equal to the lesser of 18% per annum or the highest legally permissible amount on the outstanding principal, whichever is less, for money lent by Plaintiff to Defendants at their request.

100. Plaintiff has demanded the return of these sums but Defendants have failed and refused to do so.

101. Pursuant to the Franchise Agreement and Note, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## FOURTEENTH CLAIM FOR RELIEF

### (Quantum Meruit Against All Defendants)

102. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

103. Within the last four years, Plaintiff provided services to Defendants, which services included, but were not limited to, non-exclusive licenses to use the COLDWELL BANKER® Marks and the COLDWELL BANKER® System and other proprietary information and property of Plaintiff. Defendants knew that these services were being provided and accepted, used, and enjoyed the services provided by Plaintiff.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

104.    The fair and reasonable value of the services provided to the Defendants is at least $716,417.35, with interest accruing thereon at 18% or the highest rate permitted under the law, whichever is less, with additional damages in an amount to be proven at trial based on the facts alleged herein.

105.    Plaintiff is also entitled to recovery of its reasonable attorneys' fees and costs.

## FIFTEENTH CLAIM FOR RELIEF

### (Accounting Against All Defendants)

106.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 34, as though fully set forth herein.

107.    As set forth above in detail, Plaintiff and Defendants entered into a franchise relationship based on execution of the Franchise Agreement attached hereto as Exhibit 1 and incorporated by reference herein as though fully set forth. Pursuant to this Franchise Agreement, Defendants agreed to, among other things, certain financial obligations to Plaintiff including:  payment to Plaintiff of royalty fees under Section 7 of the Franchise Agreement and BMF fees under Section 8 of the Franchise Agreement.

108.    At the time of filing of this Complaint, Plaintiff is aware of sums owing from Defendants to Plaintiff in the amount of not less than $716,417.35.

109.    Plaintiff is informed and believes, and thereon alleges, that Defendants owe additional sums under the Franchise Agreement beyond the amount set forth above based on, among other things, sales of real estate not reported but for which a royalty fee and BMF fee is due and owing.  However, Plaintiff is unable to ascertain the full amount owed without an accounting or audit of the Defendants' books and records.  The additional amounts owed are within Defendants' knowledge as these amounts are based on transactions in which Defendants participated.

110.     Plaintiff has demanded an accurate accounting of any additional sales transactions or amounts that may be owed to Plaintiff, and Defendants have refused to provide this information.

WHEREFORE, Plaintiff prays as follows:

1.     For judgment that the COLDWELL BANKER® Marks, the and COLDWELL BANKER™ common law trademark, and California state service marks have been infringed by Defendants;

2.     Preliminary and permanent injunctions against Defendants' continued infringement through the use of Plaintiff's trademarks and identification of Defendants with Plaintiff, preventing Defendants' continued infringement and preventing continued unfair competition;

3.     An accounting of profits and damages resulting from Defendants' trademark infringement and unfair competition, and trebling and/or enhancement of such damages under the trademark laws as an exceptional case because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

4.     For general and/or specific damages against all Defendants, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of the Defendants' profits or gains of any kind from their acts of trademark infringement, trademark counterfeiting, common law trademark infringement, unfair competition, and false advertising; and further for an award that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages, or alternatively statutory damages.

5.     On the unfair competition claims, disgorgement of all profits and restitution made in connection with or associated with the use by Defendants of the COLDWELL BANKER® Marks and identification of itself with Plaintiff by reason of trademark infringement, under Cal. Business and Professions Code § 17200 et. seq.;

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

6.     An award of punitive damages for intentional and willful acts;

7.     For additional damages in the amount of at least $716,417.35, with additional damages in an amount to be proven at trial;

8.     For interest on the amount as delineated in the Franchise Agreement, Notes, Security Agreement, as applicable, or in the maximum amount allowed by law, whichever is less;

9.     For an accounting of additional sums due based on the Franchise Agreement between the parties and information within the knowledge of Defendants;

10.     For reasonable attorneys' fees;

11.     For costs of suit incurred herein; and

12.     For such other and further relief as the court may deem proper.


Dated:  February 23, 2017               GORDON & REES LLP


                                        By:   /s/Aaron P. Rudin
                                              Calvin E. Davis
                                              Aaron P. Rudin
                                              Attorneys for Plaintiff
                                              COLDWELL BANKER REAL
                                              ESTATE LLC

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1039472/31758176v.1